IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA,

ANDREW R. LOPEZ,

    Petitioner,               No. CIV-S-02-2559 GEB KJM P

    vs.

WARDEN, CALIFORNIA STATE
PRISON, CORCORAN, et al.,

    Respondents.        ORDER

/

    Petitioner is a state prisoner proceeding with an application for writ of habeas corpus under 28 U.S.C. § 2254. On March 24, 2006, petitioner filed a motion for discovery. Oral argument was held with respect to the motion on May 10, 2006.

I. <u>Standard For Permitting Discovery In A § 2254 Action</u>

    Under Rule 6 of the Rules Governing § 2254 cases, a court may authorize discovery in a § 2254 action based upon a showing of good cause. Discovery is available in the discretion of the trial court. <u>Rich v. Calderon</u>, 187 F.3d 1064, 1068 (9th Cir. 1999).

II. <u>Background</u>

    Petitioner asserts he lost 90 days of good conduct sentence credit in 2000 as a result of prison disciplinary proceedings conducted in violation of the United States Constitution. While petitioner asserts several violations occurred in conjunction with the proceedings, a

prisoner's rights during prison disciplinary proceedings that result in the loss of sentence credit are limited to the following:

    1) Advance written notice of the charges;

    2) An opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in the inmate's defense;

    3) A written statement by the fact-finder of the evidence relied on and the reasons for the disciplinary action; and

    4) That the findings of the prison disciplinary board be supported by some evidence in the record.

Superintendent v. Hill, 472 U.S. 445, 454 (1985).

III. Analysis

    Petitioner seeks leave to propound requests for admission, requests for production of documents and interrogatories.

    1. Request For Admission No. 1

    Petitioner seeks leave to propound request for admission No. 1 to "[e]stablish that Sgt. Garate may not review, classify or issue the CDC 115 [at issue in this action] because High Desert State Prison (HDSP) employed more than one person at Lieutenant or higher rank." Mot. at 12. The information sought by petitioner in request for admission No. 1 would not prove any aspect of any cognizable claim in this action. The court therefore will not grant petitioner leave to propound request for admission No. 1.

    2. Requests For Admission Nos. 2-3

    Petitioner seeks leave to propound requests for admission Nos. 2-3 to "[E]stablish basic time parameters of the incident [leading to petitioner's prison disciplinary conviction] and its disciplinary prosecution." Mot. at 12.

    The information sought by petitioner in these requests also would not prove any aspect of any cognizable claim in this action. Furthermore, respondents admit in their answer

that the incident forming the basis of petitioner's disciplinary conviction occurred on December 10, 1999 and that the disciplinary hearing occurred on January 20, 2000. Answer, ¶¶ 3-4. When the disciplinary report concerning the December 10, 1999 incident was actually issued does not appear to have any bearing on any cognizable claims in this action.

### 3. Requests For Admission Nos. 4 And 5

Petitioner asks to propound these requests for admissions to "[E]stablish [the] absence of witnesses at the [January 20, 2000 disciplinary] hearing." Mot. at 12. However, page 3 of the report concerning the January 20, 2000 hearing, which is attached to respondents' answer as Exhibit B, indicates there were no witnesses other than petitioner at the hearing. In the absence of good cause, the court will not grant leave to propound requests for admission Nos. 4 and 5.

### 4. Request For Admission No. 6

Request No. 6 reads as follows:

> That hearing officer Lieutenant C. Adams (a) based his decision on Officer McKean's written statement contained in the CDC 115; (b) repeated McKean's written statement virtually verbatim in his Findings.

See Mot., Ex. A at 2. As noted above, Adams's report is attached to respondents' answer as Exhibit B. The face of the report discloses that both (a) and (b) are true. Respondents do not dispute either (a) or (b) in their answer. Here also, there is no good cause for the request; petitioner will not be granted leave to propound request for admission No. 6.

### 5. Request For Admission No. 7

In this request, petitioner asks respondents to admit that, before the January 20, 2000 hearing, petitioner asked Investigative Employee (I.E.) Johnson for John Andrew Amaral and Richard Norman to be witnesses at the hearing. Mot., Ex. A at 3. Respondents do not object to this request. Opp'n at 6:8-16. Good cause appearing, respondents will be directed to respond to this request within twenty days of this order.

3

1      6. <u>Request For Admission No. 8</u>

2      Request No. 8 reads as follows:

That prior to his CDC 115 hearing of January 20, 2000, written statements by Richard Norman and John Andrew Amaral prepared to be executed under penalty of perjury, as referenced in subparagraphs (a) and (b), *infra*, were given by Petitioner to I.E. Johnson, and Petitioner requested him to obtain Amaral's signature (Petitioner had already obtained the signature of Norman as he was his cellmate), and then for Johnson to present both documents to the hearing officer as evidence on petitioner's behalf:

(a) John Andrew Amaral's statement dated January 11, 2000, and contained in Habeas Petition, Exhibit A, pp. 8-9, same as RVR-Part C, pp.3-4; and in Answer to Habeas Petition, Exhibit B, 7th thru 8th pages, same as RVR-Part C, pp. 3-4; and

(b) Richard Norman's statement dated January 3, 2000, and contained in Habeas Petition, Exhibit A, pp. 9-10, same as RVR-Part C, pp. 4-5; Answer to Habeas Petition, Exhibit B, 8th thru 9th pages, same as RVR-Part C, pp.4-5.

Mot., Ex. A at 3-4. Petitioner asserts that the reason in support of this request is to "[e]stablish statements of witnesses Richard Norman (Petitioner's cellmate) and John Andrew Amaral (petitioner's brother)." Mot. at 13. The need to "establish" statements is unclear and vague. In any case, as noted by petitioner in his request, the statements of Norman and Amaral, provided under penalty of perjury, are already a matter of record in this action. The statements were given to I.E. Johnson, Answer, Ex. B at 7-9, and were part of the investigative report considered by hearing officer Adams before or during the January 20, 2000 disciplinary hearing, Answer, Ex. B at 3. No good cause exists for granting petitioner leave to propound request for admission No. 8.

/////
/////
/////
/////
/////
/////

4

1           7. <u>Request For Admission No. 9</u>

2   Request No. 9 reads as follows:

> That also prior to his CDC 115 hearing of January 20, 2000, Petitioner in writing requested of I.E. Johnson as evidence on his behalf copies of (a) HDSP FAC.A-4 Bldg daily log book for 12-9-99 thru 12-14-99; (b) HDSP FAC.A-4 employee position and assignment records for 12-10-99 thru 1-1-00 for Correctional Officers McKean, McFarland, Barnette, Tanton, Milcovrc, Sergeants Coe and Garate and Captain Briddle.

Mot., Ex. A at 4.

      In his investigative report attached to the written decision following the January 20, 2000 hearing, I.E. Johnson relayed to hearing officer Adams that petitioner requested copies of the documents referenced in request No. 9 for his defense. Answer, Ex. B at 6. This is not disputed by respondents or any other evidence before the court. Therefore, there is no good cause to support an order directing respondents to answer request for admission No. 9.

        8. <u>Request For Admission No. 10</u>

Request for admission No. 10 reads as follows:

> That I.E. Johnson (a) refused and failed to comply with Petitioner's requests in ¶¶ (7), (8) and (9), *supra*; (b) stated he represented the hearing officer, not Petitioner; (c) but that he would attach Petitioner's requests to his report.

Mot., Ex. A at 4.

      With respect to part (a)'s reference to request for admission No. 7, it appears petitioner seeks leave to ask I.E. Johnson to admit that he refused to obtain Amaral and Norman as witnesses for the January 20, 2000 hearing. It does not appear that respondents object to this request. Good cause appearing, respondents will be granted twenty days within which to respond to request for admission No. 10(a) as it pertains to request for admission No. 7.

      Regarding part (a)'s reference to request for admission No. 8, it appears petitioner seeks leave to ask whether I.E. Johnson refused to obtain Amaral's signature for the statement petitioner gave to Johnson and whether Johnson presented the statements of Amaral and Norman

5

1 to hearing officer Adams as evidence on petitioner's behalf. The record indicates that Johnson
2 submitted the statements of Amaral and Norman to Adams. Answer, Ex. B at 3, 7-9. Also,
3 nothing suggests that whether Johnson obtained Amaral's signature with respect to Amaral's
4 statement before submitting Amaral's statement to Adams is of any consequence in this matter.

5          Finally, with respect to part (a)'s reference to request for admission No. 9,
6 petitioner asks respondents to admit or deny whether I.E. Johnson provided Adams the
7 documentary evidence referenced in request for admission No. 9. Respondents have not objected
8 to this request. Good cause appearing, respondents will be granted twenty days within which to
9 respond to request for admission No. 10(a) as it pertains to request for admission No. 9.

10         In part (b), petitioner fails to ask anything that might lead to evidence supporting a
11 cognizable claim. Respondents will not be ordered to respond to this request.

12         In part (c), it appears petitioner asks that respondents admit or deny that I.E.
13 Johnson told petitioner he would attach the requests referenced in requests for admission Nos. 7,
14 8 and 9 to Johnson's investigative report. The court will direct respondents to respond to part (c)
15 as it pertains to request for admission No. 7 as it is not clear that Johnson informed Adams that
16 petitioner requested that Amaral and Norman be present at the disciplinary hearing. See Answer,
17 Ex. B at 3, 7. Respondents will not be required to respond to part (c) as it pertains to request for
18 admission No. 8. Johnson's report indicates that he did present the statements of Amaral and
19 Norman to Adams. Answer, Ex. B at 7-8. Also, whether Johnson informed Adams that
20 petitioner requested Johnson to obtain Amaral's signature on Amaral's statement is not a fact of
21 consequence to this action, because there is no indication the lack of a signature undercut the
22 weight given the statement, which was provided under penalty of perjury. With respect to
23 request to admit No. 9, the record discloses that Johnson informed Adams of petitioner's request
24 that the documents identified in request No. 9 be presented in petitioner's defense. Answer, Ex.
25 B at 3, 7. Respondents will not be required to respond to part (c) as it pertains to request for
26 admission No. 9.

6

1        9. <u>Request For Admission No. 11</u>

2        Request No. 11 reads as follows:

3        That hearing officer Lieutenant C. Adams provided petitioner with none of his requests in ¶¶ (7), (8) and (9), *supra*.

5  Mot., Ex. A at 4.

6        There were no witnesses at petitioner's disciplinary hearing, Answer, Ex. B at 3, and again, Amaral's and Norman's statements were part of the record before Adams. Answer, Ex. B at 3, 7-8. As noted above, whether Adams failed to obtain the signature of witness Amaral with respect to his statement does not appear to matter. With respect to request No. 11 as it pertains to request No. 9, it is not entirely clear from the evidence before the court whether the documents identified in request No. 9 were presented at the hearing. Good cause appearing, respondents will be granted twenty days to admit or deny that hearing officer Adams did not provide petitioner with the documents identified in request No. 9 for use at the January 20, 2000 disciplinary hearing.

15        10. <u>Request For Admission No. 12</u>

16        Petitioner asks that he be allowed to propound this request to "[e]stablish denial of Petitioner's request for a staff assistant to assist in his defense." Mot. at 14. This request will be denied as it does not seek evidence that might prove any part of any cognizable claim in this action. Moreover, the record documents the denial of a staff assistant, precluding a finding of good cause. <u>See</u> Answer, Ex. B at 1-2.

/////
/////
/////
/////
/////
/////

11. <u>Requests For Admissions Nos. 13-14</u>

Request No. 13 reads as follows:

> That all of the material under the headings of "Statement of Inmate Witness: Inmate Amaral," at pp. 8-9 and "Statement of Inmate Witness: Inmate Norman," at pp. 9-10 of Exhibit A of the Habeas Petition was submitted by Petitioner as evidence as part of these proceedings either prior to or during the hearing of January 20, 2000.

Mot., Ex. A at 5. Respondents need not answer this request as the response is clear from a review of I.E. Johnson's report. <u>See</u> Answer, Ex. B at 5-10.

Request No. 14 reads:

> That all of the material under the heading of "Statement of Subject" at pp 6-8, 11 and the "Additional Defense Statement" at pp 12-15, and "Notice of further Due Process violations" at pp 16-17, and the further material at pp 18-19 of Exhibit A of the Habeas Petition was submitted by Petitioner as evidence as part of these proceedings either prior to or during the hearing of January 20, 2000.

Mot., Ex. A at 5. Respondents will be given twenty days within which to respond to this request. However respondents need not respond regarding the material under the heading of "Statement of Subject" at pages 6 to 8 and 11 of Exhibit A attached to petitioner's habeas petition, as these pages refer to portions of I.E. Johnson's investigative report, which was reviewed by hearing officer Adams. <u>See</u> Answer, Ex. B at 3.

12. <u>Request For Production Of Documents Nos. 1-3</u>

In request for production No. 1, petitioner asks respondents to provide petitioner with the "High Desert State Prison (HDSP) FAC.A-4 Bldg daily log book for 12-9-99 thru 12-14-99." Mot., Ex. B at 4. In request No. 2, petitioner asks for "HDSP FAC.A-4 employee position and assignment records for 12-9-99 thru 1-1-00 for Correctional Officers R. McKean, McFarland and Barnette." <u>Id</u>., Ex. B at 5. Finally, in request No. 3, petitioner seeks "[a]ll documents . . . identifying the correctional officer or officers on duty as the 'A-4 control officer' when the incident occurred on December 10, 1999." <u>Id</u>.

8

Respondent objects to these requests asserting that the documents will not prove petitioner was innocent of the charges addressed at the January 20, 2000 disciplinary proceedings. Opp'n at 4:13-5:3. In resolving the pending motion, the court does not prejudge whether there is "some evidence" to support the disciplinary findings without reviewing documentary evidence that could undermine the evidence presented against petitioner at the January 20, 2000 disciplinary hearing. Here, petitioner requested that most of the documents identified in request for production Nos. 1, 2 and 3 be presented at his disciplinary hearing; it appears that the documents were not presented. Answer, Ex. B at 1, 3-4, 6. If the documents have some evidentiary value, it is possible that petitioner's right to present documentary evidence at a disciplinary hearing was violated. Hill, 472 U.S. at 454.

The court will order respondents to produce the documents requested in requests for production Nos. 1, 2 and 3, but only as to the date of the incident at issue. In other words, respondent need not provide log books or employee position and assignment records for any day other than December 10, 1999.

13. Request For Production Of Documents Nos. 4-6

Through these requests, petitioner seeks to obtain information establishing "whether the state of emergency of November 29, 1999 thru January 6, 2000 was a genuine emergency of such intense character that all time constraints relating to inmate disciplinary procedures were then properly suspended. . ." Mot. at 14. These requests do not seek information that might prove any part of any cognizable claim in this action; they will be denied.

14. Request For Production Of Documents No. 7

Here, petitioner seeks information establishing when Officer McKean prepared his rough draft of the CDC Rules Violation Report which led to the January 20, 2000 disciplinary proceedings. Mot. at 15. Nothing suggests that the date upon which McKean drafted his rough draft has any bearing on any cognizable claim in this action. Petitioner will not be granted leave to propound request for production No. 7.

15. <u>Request For Production Of Documents No. 8</u>

Petitioner asks for production of "[t]he original CDC 115, Log #FA-99-12-023, or a copy of equal reproduction quality and all of its attachments. . ." Mot., Ex. B at 6. Petitioner complains that the copies previously provided by respondents in their answer are of poor quality. <u>See</u> Answer, Ex. B. Respondents have not objected to this request. Counsel for respondents will be ordered, within twenty days of this order, to make available for inspection and copying the original copies of the documents requested in request for production No. 8. If the original is no longer available, counsel for respondents will be ordered to certify to petitioner that the copy attached as Exhibit B to respondents' answer is the best possible depiction of the original, or to provide petitioner with the best possible depiction of the original.

16. <u>Request For Production Of Documents No. 9</u>

Here, petitioner asks for:

> All documents in [respondents'] possession, custody or control, related to investigation and disposition of the rules violation alleged against Petitioner for the incident of December 10, 1999.

Mot., Ex. B at 7. Respondents have not objected to this request. Good cause appearing, respondents will be directed to respond to this request within twenty days.

17. <u>Interrogatory Nos. 1 Through 3</u>

In his proposed interrogatories, petitioner requests that respondents provide further information regarding qualified answers to requests for admissions. Mot., Ex. C at 2. Respondents do not object to petitioner's interrogatories. Good cause appearing, respondents will be ordered to respond to interrogatories 1 through 3.

/////
/////
/////
/////
/////

In accordance with the above, IT IS HEREBY ORDERED that:

1. Within twenty days of this order, respondents shall respond to the following discovery requests:

    A.    Request for admission No. 7.

    B.    Request for admission No. 10(a) as it pertains to request for admission No. 7.

    C.    Request for admission No. 10(a) as it pertains to request for admission No. 9.

    D.    Request for admission No. 10(c) as it pertains to request for admission No. 7.

    E.    Request for admission No. 11 as it pertains to request for admission No. 9.

    F.    Request for admission No. 14, except that respondents need not respond as to the material under the heading of "Statement of Subject" at pages 6-8 and 11 of Exhibit A attached to petitioner's habeas petition.

    G.    Request for production of documents No. 1 except that respondents need only provide log books from December 10, 1999.

    H.    Request for production of documents No. 2 except that respondents need only provide employee position and assignment records from December 10, 1999.

    I.    Request for production of documents No. 3.

    J.    Request for production of documents No. 8 with the following conditions: Within twenty days, counsel for respondents shall make available for inspection and copying the original copies of the documents requested in request for production No. 8. If the

11

original copies are no longer available, counsel for respondents shall, within twenty days, either certify to petitioner that the copy attached as Exhibit B to respondents' answer is the best possible depiction of the original, or provide petitioner with the best possible depiction of the original.

  K. Request for production of documents No. 9.

  L. Interrogatory Nos. 1-3.

2. In all other respects, petitioner's March 24, 2006 motion for discovery is denied.

3. This matter is set for status conference on August 23, 2006 before the undersigned. Counsel shall meet and confer before this date, and shall be prepared to discuss how this matter should proceed post-discovery.

DATED: July 19, 2006.

             _____
             UNITED STATES MAGISTRATE JUDGE

1
lope2559.dis