IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANDREW R. LOPEZ,

    Petitioner,        No. CIV-S-02-2559 GEB KJM P

  vs.

WARDEN, CALIFORNIA STATE PRISON, CORCORAN,

    Respondent.      ORDER

                                   /

        Petitioner is a California prisoner proceeding with an application for writ of habeas corpus. Petitioner challenges prison disciplinary proceedings that resulted in petitioner's losing good conduct sentence credit. Several motions are before the court.

1. Respondent's Motion To Expand The Record

        On December 13, 2006, respondent filed a motion asking that the record be expanded to include Exhibit A attached to respondent's motion, consisting of a daily log book and employee positions for the day relevant to petitioner's claims. Petitioner has not opposed respondent's request. Good cause appearing, respondent's request will be granted. See Rules Governing § 2254 Cases, Rule 7.

/////

2. <u>Petitioner's Motion To Expand The Record</u>

On December 18, 2006, petitioner filed a motion asking that the record be expanded to include Exhibit B attached to petitioner's motion. Exhibit B is a set of responses to requests for admission filed in another case brought by plaintiff in this court, CIV-S-03-1605 GEB DAD P. Respondent has not opposed petitioner's request. Good cause appearing, petitioner's request will be granted. <u>See</u> Rules Governing § 2254 Cases, Rule 7.

2. <u>Motion For Evidentiary Hearing</u>

On November 29, 2006 petitioner filed a motion asking that the court hold an evidentiary hearing. Generally speaking, a state habeas petitioner is entitled to an evidentiary hearing on a particular claim only "if he alleges facts that, if proven, would entitle him to relief." <u>Turner v. Calderon</u>, 281 F.3d 851, 890 (9th Cir. 2002). Petitioner seeks an evidentiary hearing on two issues: (1) whether petitioner requested the presence of witnesses Norman and Amaral at the disciplinary hearing at issue, and (2) whether the disciplinary proceedings at issue were the result of retaliation by correctional officers for petitioner's filing prisoner grievances. Oral argument was heard with respect to the motion on January 17, 2007.

While petitioner asserts several violations occurred in conjunction with the disciplinary proceedings at issue, a prisoner's rights during prison disciplinary proceedings that result in the loss of sentence credit are limited to the following:

1) Advance written notice of the charges;

2) An opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in the inmate's defense;

3) A written statement by the fact-finder of the evidence relied on and the reasons for the disciplinary action; and

4) That the findings of the prison disciplinary board be supported by some evidence in the record.

<u>Superintendent v. Hill</u>, 472 U.S. 445, 454 (1985).

1    After reviewing the record before the court, the court finds the following facts
2 regarding whether petitioner asked that inmates Norman and Amaral testify at the disciplinary
3 hearing at issue are not reasonably disputed.  First, nothing in the record suggests Norman and
4 Amaral presented live testimony at the disciplinary proceedings.  See, e.g., Answer, Ex. B at 3.
5 Second, it is clear that petitioner requested that the testimony of inmates Norman and Amaral be
6 considered at the disciplinary proceedings at issue.  In his report, which was attached to the final
7 report of the disciplinary proceedings, Investigative Employee Johnson indicates petitioner
8 requested that inmates Norman and Amaral be "witnesses" before the hearing was held.  Answer,
9 Ex. B at 7.  Third, witnesses Norman and Amaral were interviewed by Johnson prior to the
10 disciplinary hearing.  Id. at 7-9.  Fourth, the statements given to Johnson by Norman and Amaral
11 were considered by the disciplinary hearing officer.  In the report concerning the disciplinary
12 proceedings, hearing officer Adams specifically states he "reviewed the investigation" completed
13 by Johnson.  Id. at 3.  Johnson's investigation report, which contains the statements made by
14 Norman and Amaral, is attached to the decision rendered by Adams.  Id. at 5-9.

15    What is unclear is whether petitioner requested not just that Norman and Amaral
16 be witnesses by having their written statements taken, but by appearing to provide live testimony.
17 The hearing record says petitioner was asked whether he requested live witnesses and said no.
18 Id. at 3.  Petitioner's counsel argues this record is incorrect, Mot. at 2-7, but petitioner has not
19 presented a declaration to this effect.  Petitioner's argument alone is insufficient to raise a
20 question that needs to be resolved at an evidentiary hearing.

21    Finally, the court notes petitioner has failed to point to anything indicating that
22 had inmates Norman and Amaral presented live testimony at the disciplinary hearing, they would
23 have provided any information different from the information contained in their written
24 statements attached to Officer Johnson's report.  While Officer Johnson ultimately made a
25 credibility determination based on the written statements, he did so after a review of the entire
26 written record before him.  Answer, Ex. B at  3.  No federal law requires him to have done more.

See Zimmerlee v. Keeney, 831 F.2d 183, 187 (9th Cir. 1987) (credibility determinations can be made absent live testimony).  In any event, whether petitioner asked that Amaral and Norman testify in person does not affect resolution of the pending motion as petitioner has not shown live testimony would have made any difference in the outcome of his disciplinary proceedings.  See Brecht v. Abrahamson, 507 U.S. 619, 637 (1993) (error deemed harmless on habeas review unless habeas petitioner shows error had substantial and injurious impact upon the verdict).

Petitioner also is not entitled to an evidentiary hearing based on his retaliation claim.  First, petitioner has not shown that retaliation, by itself, is an appropriate basis for habeas relief.  In support of his request for an evidentiary hearing, petitioner cites case law relevant in a 42 U.S.C. § 1983 action, not in a habeas action concerning the loss of good time.  Also, as noted above, the court reviews the evidence presented at the disciplinary proceedings at issue to determine whether the decision of the disciplinary board is supported by "some evidence."  The more narrow question of whether disciplinary proceedings were instigated for retaliatory purposes has no independent significance.

For all the foregoing reasons, petitioner's request that the court hold an evidentiary hearing will be denied.

Accordingly, IT IS HEREBY ORDERED that:

1. Respondent's December 13, 2006 motion to expand the record is granted;

2. The record is expanded to include exhibit A attached to respondent's December 13, 2006 motion;

3. Petitioner's December 18, 2006 motion to expand the record is granted;

/////
/////
/////
/////
/////

4.  The record is expanded to include Exhibit B attached to petitioner's December 18, 2006 motion; and

5.  Petitioner's November 29, 2006 motion that the court hold an evidentiary hearing is denied.

DATED:  September 28, 2007.

_____
U.S. MAGISTRATE JUDGE

1
lope2559.evi